BENJAMIN SALDUCCO, Appellant, *v.* SIMON ETKIN, as City Clerk of the City of Schenectady, N. Y., and Others, Respondents.*

Third Department, June 27, 1935.

*Ettore Mancuso*, for the appellant.

*Thomas W. Wallace, Corporation Counsel*, for the respondents Simon Etkin, as city clerk, the Common Council of the City of Schenectady, and the City of Schenectady.

*Walter S. McNab, County Attorney*, for the respondents Charles L. Wick and Charles W. Eckel, constituting the Board of Elections in and for the County of Schenectady.

*Richmond D. Moot*, for the respondents Philip L. Alger and Charter League of Schenectady.

*Harry G. Coplon*, for the respondent Schenectady Taxpayers Association.

*Nathaniel B. Spalding*, for the respondent East End Civic Improvement Association, Inc.

* Revg. 155 Misc. 361; revd., 268 N. Y. ——.

CRAPSER, J.   On September 24, 1934, a petition in due form was filed in the office of the clerk of the city of Schenectady, stating that the adoption of plan " C " of a charter under chapter 444 of the Laws of 1914, known as the Optional City Government Law would be presented to the electors of the city of Schenectady for a determination as provided in that statute.

The city clerk of the city of Schenectady, in accordance with said law, presented a certified copy of the petition to the commissioners of elections and the matter was voted on at an election held in the said city on the 6th day of November, 1934.

If a petition under the Optional City Government Law is filed with the city clerk not more than three months and not less than one month prior to a general city election the commissioner of elections shall cause the question or questions proposed by the petition to be duly submitted to a vote of the electors of the city at such general city election.

If a petition is not filed so as to permit the questions to be submitted to a general city election the common council shall at its next regular meeting succeeding the presentation of the petition designate a day for the holding of a special election to ascertain the will of the electors regarding the questions, which date shall not be less than one month nor more than two months thereafter. (Optional City Government Law, §§ 18, 19.)

The city clerk shall give notice of the submission of the questions by forthwith posting in at least four public places in the city notices of the filing of the petition and the character of the questions to be submitted, and the commissioner of elections shall during the four weeks next preceding the election publish notices of the submission of the questions in the manner as is required in the case of the submission of a special question to the electors of a city.

It is claimed on behalf of the appellant (1) that the election held on the 6th day of November, 1934, was not a general city election; (2) that no publication of the notice of the submission of the question was made as required by section 20 of the Optional City Government Law.

The term " general city election " means an election at which the final selection is made of a city officer.   (Optional City Government Law; § 2, subd. 2.)

" All elections of city officers including supervisors and judicial officers of a city court or inferior local court, shall be held on the Tuesday succeeding the first Monday in November, and, except to fill vacancies, in an odd numbered year." (Second Class City Law, § 14.)

City officers include all persons elected or appointed to any office of the city created or authorized by law. (Second Class City Law, § 10.)

" There shall be elected by the qualified electors of the city, a mayor, comptroller, treasurer, president of the common council and four assessors. There shall be elected by the qualified electors of each ward of the city an alderman and supervisor." (Second Class City Law, § 11.) As this section is divided it would seem that the Legislature intended to separate the aldermen and supervisors from the other city officers.

The commissioner of elections gave a notice which was entitled, " To the Voters of the County General Election Notice." He then gave notice of the election of a Governor and a Lieutenant-Governor, a Comptroller, an Attorney-General, a Chief Judge of the Court of Appeals, two Associate Judges of the Court of Appeals, a United States Senator, two Representatives at Large for Congress, a Representative in Congress from the thirtieth congressional district and a State Senator; and then the notice said, " County Officers also to be Elected for said County," two members of Assembly, a sheriff, a county treasurer, a district attorney, and then appears the name of Grace A. Reavy, Deputy Secretary of State, and then a certificate by the city clerk of the city of Schenectady that the office of supervisor of the eleventh ward, which was left vacant by the death of Myron R. Davis, will be filled by the election of a supervisor for the eleventh ward at the general election to be held November sixth, and then occurs the name of the city clerk. The notice goes on further to read as follows:

" Office of the City Clerk, Schenectady, N. Y., September 27th, 1934.

" *Question number one.* Shall the City of Schenectady adopt the simplified form of Government defined as Plan C and consisting of government by limited council, with appointive City Manager, according to provisions of Chapter 444 of the Laws of 1914 of the State of New York, known as ' The Optional City Government Law ' be approved?

" Witness my hand at Schenectady, N. Y., the 27th day of September, 1934.

" SIMON ETKIN,
" *City Clerk of Schenectady, N. Y.*

" Further notice is hereby given that at the General Election to be held in this State on Tuesday succeeding the first Monday in November next (November 6th), there will be submitted to the voters for approval or disapproval one proposition. A Copy of

such proposition may be obtained at the office of the Board of Elections, Third Floor, Court House, Schenectady, N. Y., by any voter.

"Witness our hands and official seal this 5th day of October, 1934.

"CHARLES WICK,
"*Commissioner of Elections, Schenectady County, New York.*"

The notice published was directed to the voters of the whole county of Schenectady and there was nothing printed except the question; there was no notice that it would be submitted to the voters of the city of Schenectady. The publication of the notice was, therefore, insufficient and did not comply with section 20 of the Optional City Government Law.

A ward supervisor is not a city officer; he is only voted for by the electors of the ward for which he is chosen. It is provided that he shall have the powers and perform the duties of supervisors of towns, but from an examination of section 29 of the Town Law, which sets forth the duties of a supervisor of a town, it is plain that the only one of those duties that a supervisor of a city can perform is that of attending meetings of the board of supervisors as provided in subdivision 14 of section 29 of the Town Law.

When the provisions of the Second Class City Law and the provisions of the Constitution are examined it is plain that a general city election is held only in odd-numbered years except where a vacancy occurs.

There was no final selection made of a city officer at the election held November 6, 1934, and no published notice of the submission of the question was given.

The judgment appealed from should be reversed, and upon the stipulated facts judgment is ordered in favor of the plaintiff declaring the said election illegal and void, with costs to the appellant in this court and the court below.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; RHODES, J., concurs in the opinion, and also upon the further ground that the submission of a proposition at the general election when State officers were elected was contrary to the governmental policy of the State as declared by the Constitution, article XII, section ·6. (*Mills* v. *Sweeney*, 219 N. Y. 213.)

Judgment reversed, and upon the stipulated facts judgment ordered in favor of the plaintiff declaring the said election illegal and void, with costs to the appellant in this court and the court below.