In the Matter of THELMA HEFFER, Petitioner, against FRANCIS T. SPAULDING, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Onondaga County, July 14, 1949.

*Charles A. Brind, Jr.,* and *Robert Killough* for respondent.

*Charles R. Rinaldo* for petitioner.

ZOLLER, J. This is a motion to dismiss the petition upon the ground that it fails to state facts sufficient to constitute a cause of action.

The allegations in the petition of material facts which present here the question of law for determination and which must be treated on a motion of this kind as admitted are, in substance, that the provisions of section 1802 of the Education Law were not complied with in that three of five sets of petitions allegedly signed by voters residing within the village of Baldwinsville,

with a population of less than 5,000 and more than 1,000, are undated and that two sets of such petitions are dated but contain a total of 96 alleged signatures instead of 100 as required by said statutory provisions; that said petitions (presumably all five sets) are not acknowledged or sworn to in any manner whatsoever and do not show the manner in which the same were circulated and secured or by whom, and that it is impossible to ascertain on the face thereof as to whether or not said signatures are valid signatures.

The petitioner further alleges that she is over twenty-one years of age, a resident of School District, Lysander, District No. 1, Cold Springs, a part of the proposed centralized district No. 1 set out by an order of the respondent on or about June 2, 1949, and a legal school district voter, a taxpayer and a parent of a child who has attended school in said proposed district.

Petitioner further says that on or about June 6, 1949, the respondent made an order fixing a time and place for a special meeting of the qualified voters within said district for the purpose of determining whether or not such territory should be organized as a central school district and a central school established therein, such a special meeting to be held June 17, 1949, at Baldwinsville, N. Y., at 9 A.M., D. S. T.

In her prayer for relief petitioner asks for a final order annulling, vacating and setting aside the determination and order of the respondent made by him on or about June 6, 1949, and for a permanent injunction restraining the holding of said meeting on June 17, 1949. A show cause order granted upon the petition contained a stay of said meeting to be held on June 17, 1949, pending the hearing and determination of this proceeding. However, upon a stipulation entered into between counsel on June 16, 1949, the stay in said order to show cause was voided on condition that petitioner's consent to the holding of said meeting was not to be a waiver of her right to litigate any question raised by her petition or any question of law or fact that could be raised thereunder if the hearing thereon were held before said meeting.

Petitioner's attack appears to be directed solely against the two sets of dated petitions which contain the alleged signatures of 96 persons qualified to vote at school district meetings and who reside within the village of Baldwinsville. Although the petition shows that five sets of petitions were allegedly signed by voters residing within said village, the number of such signatures is not mentioned therein. I think it might fairly be assumed, however, that said five sets of petitions contain the signatures of more than 100 residents of Baldwinsville.

It is not alleged by petitioner that any of the signatures which appear on said five sets of petitions are forgeries or are not signatures of those whose names are shown. The only claim in this respect seems to be that because the petitions are not acknowledged or sworn to and do not show on their face the manner in which they were circulated and secured, it is impossible to ascertain whether or not the signatures are valid signatures.

Accordingly, the gravamen of petitioner's grievance as alleged in her petition is that respondent's order of June 6, 1949, was improper, irregular and in violation of section 1802 of the Education Law of New York State because said five sets of petitions failed to show that the total number of signatures thereon is in compliance with said section 1802, although they do contain in all more than 100 signatures of residents of the village of Baldwinsville. There is no allegation that respondent, as Commissioner of Education, was not satisfied that the petitions had been duly signed as provided by said section 1802, nor that the time and place for the special meeting had not been designated within the time specified therein, nor that respondent had not caused a notice of such meeting to be posted at least ten days before the meeting in three conspicuous places in each school district wholly or partly within the proposed central school district, and a copy thereof to be published at least three days before the meeting in a daily or weekly newspaper published within the territory, or in a newspaper circulating therein, all as required by the provisions thereof.

Therefore, assuming as true the allegations of fact contained in the petition, does it state facts sufficient to constitute a cause of action? It will be observed that there is no requirement in the statute that the petition should be dated or the signatures of those who sign it should be acknowledged or sworn to. The statute vests in the Commissioner of Education alone the authority to determine if the petition or petitions have been duly signed as provided therein.

Section 1802 of the Education Law was formerly section 181 of that law. A decision by the Court of Appeals in 1936 concerning sections 181 and 182 of the Education Law, it seems to me, is very much in point and the law enunciated by Chief Judge CRANE, writing for the court in that case (*Bramley* v. *Miller,* 270 N. Y. 307), is pertinent and applicable to the facts here.

Under said section 181 it was necessary that fifteen persons unite in a request for a meeting to determine whether a central

school was to be established. A petition was filed with the Town Clerk which appeared to contain the names of sixteen residents and taxable inhabitants in the district. However, one of the signers was not a taxable inhabitant and another signer was a farmer living with his wife upon a farm, the title to which stood in her name. Therefore, in fact only fourteen qualified persons signed the petition. At the very outset of his opinion, Judge CRANE stated, " We are of the opinion that the provisions of article 6-B of the Education Law (Cons. Laws, ch. 16) relating to central rural schools have been substantially complied with ". He further said on page 313, " The minor irregularity of the omission of one qualified voter from the request for the call of such a meeting in no way affects the election held in accordance with law ", and on page 314, " The plain purpose of section 181 is to give the inhabitants of the proposed school district the opportunity to express their will at a meeting of which proper notice has been given."

To be sure, in the *Bramley* case (*supra*) a meeting of the residents and taxable inhabitants of the district was duly held and no objection was made to the holding of the meeting as called and no statements or claims of any kind were made at the meeting or before it was called to the effect that it had not been properly and legally called or that the request as filed was in any way defective. In these several respects the facts differ from those in the instant case. However, it seems to me that the law of that case to the effect that the provisions of the Education Law had been substantially complied with is applicable to the facts here. No claim was made in the *Bramley* case that sufficient notice had not been given of the meeting called for October 26, 1933. The petitioner makes no claim here that the notice required by section 1802 of the Education Law was not given within the time and in the manner prescribed therein.

From the petition in the instant case it appears that 96 persons residing within the village of Baldwinsville signed two sets of dated petitions and that there were three other sets of petitions which were undated and which I have assumed contained at least the names of 4 persons, making a total of at least 100 persons who had signed the petitions as residents of said village of Baldwinsville. It clearly seems to me that the provisions of said section 1802 were substantially complied with.

The burden is upon the petitioner to show that respondent's said order of June 6, 1949, was improper and in violation of said section 1802 because of a failure to comply strictly with the statutory requirements. (*Salducco* v. *Etkin*, 155 Misc. 361, revd. 244 App. Div. 681, revd. 268 N. Y. 606.)

The case of *Matter of Bush* v. *Barker* (173 Misc. 66) cited by counsel for petitioner has to do with a petition provided for in section 135 of the Election Law and the facts of that case are obviously distinguishable from those here.

Respondent's motion for dismissal of the petition upon the ground that it fails to state facts sufficient to constitute a cause of action is granted, with motion costs of $10.

An order may be submitted accordingly.