Breitel, J.
A proposition submitted to the town electors of the Town of Brookhaven at the last general election was carried by the slender margin of 191 votes out of about 72,000 votes cast. The large turnout of voters and the large vote cast on the proposition was undoubtedly due to the national presidential contest and the widespread public interest in the proposition. It would have changed the town board from a body, all of whose *87 members are elected at large, into one of representatives elected by districts.
Unfortunately, the proposition was not submitted in the manner required by law. The Appellate Division nullified the vote on that ground, as it must have done under the applicable statutes and precedents of this court. Section 82 of the Town Law requires that before propositions may be submitted to the electorate there must have been notice by publication and posting on the town signboard. There was compliance with neither condition. Indeed, there was no attempt of any kind at posting or publication.
Before discussing the legal principles, it is essential to observe that it is, perhaps, adventitious that the instant vote was cast in a presidential election and there was widespread publicity about the proposition. Just as often a proposition may be submitted in a poorly-attended special election or in a so-called political off-year in which there are no contested candidacies or issues to bring out the voters. In that event the minimal notice, at least to those who watch and monitor political events, by publication and posting would have or should have brought home notice of what was to be submitted to the electorate. Indeed, it is possible to conceive of a situation in which circumstances could be maneuvered to submit an obscurely-worded but important proposition without publication, posting, or widespread publicity to an electorate most of whom would not have been drawn to the polls. And, of course, to determine whether in any given instance there had been sufficient publicity to dispense with the statutory requirements, as the dissenters would do, would raise uncontrollable issues of fact, without standards, in each election in which the statutory requirements had not been met. For good or for ill in a particular case, rules of law must be applied generally to like situations. That is the problem here.
The precedents in this court make quite clear a vital distinction. Statutory requirements of notice by publication and posting for the submission of propositions are mandatory, and actual notice or substantial equivalences, will not be acceptable as a substitute unless there has been in fact some posting and publication to satisfy the statute. On the other hand, all other statutory requirements to make elections effective, convenient, *88 or even just more efficient, are generally treated as directory only, with respect to which substantial equivalence will be acceptable. In short, publication and posting are definitive conditions precedent to a valid submission. They have been even referred to as “ jurisdictional ” acts vital to the inception of the electoral process; the rest may be supplied by actual notice or with substantial equivalence. The distinction should not be blurred.
In Town of Cortlandt v. Village of Peekskill (281 N. Y. 490) the principles last discussed were spelled out. True, the statute there used the word “void” to describe the consequerices of noncompliance with the statute. The court’s reasoning as it was developed, however, did not depend on that language, but on the general principle that publication and posting were essential preconditions to a valid submission (281 N. Y., at pp. 496-497). In the ensuing related case involving the same election and submission (Lane v. Johnson, 283 N. Y. 244) the issue was discussed in terms of a “jurisdictional” requirement, without reference to the voidness language, and whether the Legislature had the power to “ cure ” the defect by subsequent legislation. But, if any doubt remained as to the principles and distinctions stressed thus far, the court in Burke v. Kern (287 N. Y. 203) removed those doubts. In the Burke case, there was involved the failure to distribute abstracts of the submitted proposition as required by statute. The court held that the failure was only one to comply with a directory requirement, and that it was offset by substantial compliance and actual notice. It there expressed the principle and the distinction between mandatory publication and posting requirements and merely directory requirements to facilitate elections: ‘1 An election is void where the electors do not receive notice of the time and place of the election, and the Legislature, not the courts, must determine how each notice shall be given. (Town of Cortlandt v. Village of Peekskill, 281 N. Y. 490; Lane v. Johnson, 283 N. Y. 244.) The will of the electors can be expressed only where the electors have received notice of the election, and notice given in manner not authorized by the Legislature is without legal effect. The will of the electors expressed at an election, of which legal notice has been given, may not be defeated by the failure of officials to carry out directions intended to make the machinery of election more effective. The provisions of statutes *89 intended for that purpose are directory rather than mandatory. In such case substantial performance of a statute is sufficient, and in some cases even failure to perform may be disregarded. (Salducco v. Etkin, 155 Misc. Rep. 361; 244 App. Div. 681; 268 N. Y. 606; People ex rel. Goring v. President, Vil. of Wappingers Falls, 144 N. Y. 616.)” (287 N. Y., at p. 218).
The earlier Salducco v. Etkin case (268 N. Y. 606) is not contrary. In that case the publication extended to the whole county, whereas the statute required publication only to the wholly-included City of Schenectady. The Appellate Division had unanimously found the submission invalid because of the defective notice (244 App. Div. 681, 684); but this court reversed on the ground that greater publication satisfied the mandate for the lesser publication.
None of the Town Law provisions use the “voidness ” terminology but rely, instead, on the word “ shall ”. The mandatory meaning is made clear however by section 64 of the Town Law which sets forth the general powers of town boards. Subdivision 14-a of that section provides that a town board may direct additional postings to that required, as in the instance of section 82, but that in the event it directs such additional posting failures to follow the additional directions shall “ not' affect the validity of the proceedings ”.
Words aside, there must be some definitive legal inception to the electoral process. Publication and notice are not addressed to the general public as a practical matter. They are designed to record the significant political event in a publicly-accessible place and to allow those who monitor elections to ascertain the facts. These requirements, in a legal or jurisdictional sense, serve the same function as service of process, including alternative forms of process, in the institution of litigation, or the requirement that tax rolls are to be on public view at the tax office, or for that matter that statutes must be promulgated to be effective as law. Such inceptive preconditions should not be confused with actual publicity which may be great sometimes and invisible at others.
Lastly, the closeness of the vote on the instant proposition makes less horrendous the invalidation of vote than otherwise. While legally it must have made no difference, the result would have been more unfortunate if 90% of the vote had favored the *90 proposition rather than the miniscule margin of 191 out of about 72*000 votes. Indeed, that margin was only a fraction of those soldier ballots cast which did not contain the proposition at all.
Appellants make much of the procedural status of the case denying that the proceedings under section 330 of the Election Law were ever converted into a plenary action for a declaratory judgment. It is undisputed that a section 330 proceeding would not avail to set aside the vote on the proposition (see Matter of Corrigan v. Board of Elections of Suffolk County, 38 A D 2d 825, 826-827, affd. 30 N Y 2d 603). However, both in the opinion at Special Term, where appellants had prevailed, and in the opinion at the Appellate Division, it is recited that these are proceedings consolidated into an action for a declaratory judgment. The proceedings and action are so treated here.
Accordingly, the order of the Appellate Division should be affirmed, without costs.