■ In the Matter of BOARD OF EDUCATION OF TRI-VALLEY CENTRAL SCHOOL DISTRICT No. 1 of THE TOWNS OF NEVERSINK, FALLSBURGH, LIBERTY (SULLIVAN COUNTY) and DENNING, WAWARSING and ROCHESTER (ULSTER COUNTY) et

al., Appellants, v. BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF THE SOLE SUPERVISORY DISTRICT OF SULLIVAN COUNTY et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered February 16, 1972 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to set aside a decision of the Commissioner of Education. On August 27, 1970, respondent Board of Cooperative Educational Services (BOCES) held a special meeting at which it adopted a resolution calling for a referendum on a proposal for construction of new BOCES facilities. The date of the election, October 15, 1970, coincided with the first day of Sukkoth, a Jewish holiday. After the building plan was approved, the Board of Education of Tri-Valley Central School District No. 1 petitioned the Commissioner of Education to set aside the election and withdraw the approval of the building plan given by his department prior to the election, which appeal was rejected. In the instant article 78 proceeding, the Supreme Court reviewed the same questions and dismissed the petition on the merits, refusing to set aside the decision of the Commissioner. Section 310 of the Education Law states that the Commissioner's decision "shall be final and conclusive, and not subject to question or review in any place or court whatever." This has been interpreted so as to limit judicial review to determining whether or not the Commissioner's decision was purely arbitrary (*Matter of Board of Educ. of City of N. Y.* v. *Allen,* 6 N Y 2d 127; *Matter of Board of Educ. of Cent. School Dist. No. 2* v. *Allen,* 14 A D 2d 429, affd. 12 N Y 2d 980), and it is where the Commissioner makes an erroneous determination on a question of law that his decision is purely arbitrary and thus reviewable (*Matter of Ross* v. *Wilson,* 308 N. Y. 605, 617; *Matter of Board of Educ. of City of N. Y.* v. *Nyquist,* 37 A D 2d 642). Since there is no requirement in the Education Law that a special meeting of BOCES be preceded by a notice stating the purpose of such meeting, petitioners' contention that the BOCES meeting of August 27 was invalid because its purpose was not included in the notice must fail. Likewise, there is no statutory restriction on either the date or day on which a BOCES election may be conducted. While it might have been more desirable to schedule the election on a different day, it cannot be said, given the inconclusive proof offered by petitioners and the fact that there is nothing in the record to show that complaints about the date were made prior to the election, that the Commissioner's decision on this question was arbitrary. Furthermore, BOCES acted within its discretionary powers in designating a single polling place in the Monticello district (Education Law, § 1959, subd. 2, par. q). We also note that, in challenging the election, petitioners did not adequately meet their burden of establishing irregularities which were shown to have affected the election (see *Spano* v. *City of Middletown,* 169 Misc. 338, 341; *Salducco* v. *Etkin,* 155 Misc. 361, 365, revd. 244 App. Div. 681, revd. 268 N. Y. 606). We have considered petitioners' other arguments, primarily involving factual questions, and find them to be without merit as there is substantial evidence to support the Commissioner's findings. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.