OPINION OF THE COURT

Per Curiam.

The Suffolk County Charter provides: "No proposed local law may be enacted unless it is the subject of a public hearing by the county legislature or one of its duly constituted committees. Such a public hearing shall be held on public notice, the form and time of which shall be prescribed by local law” (Suffolk County Charter, § 220, subd [b]). No public notice on the part of the local legislature is required by the Municipal Home Rule Law when a certificate of necessity is issued by an elected County Executive and the measure is passed by two-thirds vote (Municipal Home Rule Law, § 20, subd 4; but cf. subd 5). Thus, the county charter, in mandating public notice and hearing before any local law is enacted by the local legislature, goes beyond the requirements of the statute, but, undoubtedly anticipating the potential difficulties in providing for hearings on measures certified by the elected County Executive to be of an emergency character, leaves the details to be "prescribed by local law”.
It is notable that a public hearing is required under the Municipal Home Rule Law before approval of a local law by an elected County Executive (§ 20, subd 5). It is undisputed that there was compliance with that requirement in this instance. Indeed, petitioner appeared and spoke on that occasion.
The challenged local law, enacted years before the instant litigation, provided, it is true, very limited notice of the legislative public hearing in the case of certified emergency matters (Local Laws, 1970, No. 1 of Suffolk County, § 2; the local law is attached as an appendix to this opinion). But that *932 was contemplated in the charter. Were more extensive notice to be required, the charter provision permitting immediate passage of measures accompanied by a certificate of necessity, a provision which echoes the Municipal Home Rule Law, would be of no effect (Suffolk County Charter, § 220, subd [a]; Municipal Home Rule Law, § 20, subd 4). Possible paralysis of local government which might result could hardly have been intended by the drafters of the county charter.
Moreover, the local legislature, as it had the right to do, may have provided for a one-hour notice provision, brief as it is, on the view that it had some limited value. Those who by personal presence choose to follow the local legislature are thereby given perhaps some assurance that no legislation would be enacted without at least posting of advance notice on the County Center bulletin board. While this may be of little or no avail to the public in general, it does provide some access to those of the public, be they press, opponents of particular legislation, or legislature-watchers of other kinds, who might be most interested in the emergency legislation of which they have had intimations, as here, from the prior proposals, public hearings, and debates conducted thereon. They, at least, might learn of the public hearing in time to present opposing, or even supporting viewpoints. (See Matter of D'Addario v McNab, 32 NY2d 84, 87.)
In disposing of this appeal the court passes on no issue not raised in the briefs presented to it and is concerned exclusively with issues raised and determined in the courts below addressed to the procedures the local legislature used in placing the proposition on the ballot. Any other issues which may affect the validity of the proposed legislation, if it is approved in the referendum, may, of course, be questioned in a future proceeding brought by any party with standing if so advised.
Courts should be most reluctant to question certifications of necessity in the general legislative process. Similarly, courts are reluctant to question the internal procedures in the general lawmaking process, State or local (see Finger Lakes Racing Assn. v New York State Off-Track Pari-Mutuel Betting Comm., 30 NY2d 207, 219-220, mot to amd remittitur granted 30 NY2d 946; cf. Blanshard v City of New York, 262 NY 5, 13). In support of that reluctance, the right of the electorate to determine the questions at issue after an airing in the campaign is a weighty factor (cf. Matter of D'Addario v McNab, 32 *933 NY2d 84, 88-89, supra). Moreover, since the proposed amendment to the county charter, if adopted, would only permit further amendment by initiative, amendment subject to further public hearings and referendums, the peril of insufficient general public notice and hearing prior to adoption solely for inclusion on the ballot is relatively slight.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.
APPENDIX
Local Law No. 1-1970
A LOCAL LAW PRESCRIBING THE FORM OF NOTICE AND TIME FOR HOLDING PUBLIC HEARINGS ON LOCAL LAWS BY THE COUNTY LEGISLATURE
Section 1. Legislative finding and determination. Section two hundred twenty of the Suffolk County Charter provides that in addition to the public hearing on local laws which must be conducted by the County Executive, such a hearing on proposed local laws shall be held by the County Legislature or one of its committees. Such section also provides the form of notice of the public hearings and the time for holding them shall be prescribed by local law. Inasmuch as only one legislative hearing on a local law is required even though the law may thereafter be amended, and since the County Executive holds a public hearing on all local laws in their final form, with notice thereof given by publication in the official newspapers, it is found that a different type of notice can be given in cases of emergency legislation than is given in other instances. It is further found that the legislative hearing can in most cases adequately be considered by committees and such hearings would expedite the legislative process and still afford time for ample deliberation. Accordingly, it is determined that depending on whether the legislative hearing is under emergency procedures or to be considered routinely by the whole legislature or referred to committee, different types of notice are proper. Provision for them is made by this local law.
Section 2. Legislative hearing in the case of emergency matters; form and time of notice. Whenever the County Executive certifies the necessity of the immediate passage of a local law, notice of the legislative public hearing shall be made forthwith by public announcement that such hearing will be held at a specified time not less than one hour later, at such place as the legislature is then sitting, and by the posting forthwith on a bulletin board which shall be maintained by the clerk of the legislature of a copy of such proposed local law and a notice of the time and place of the hearing.
Section 3. Legislative hearing in routine cases by entire legislature; form and time of notice. Whenever a local law is introduced and it is determined *934 that the entire county legislature will hold a public hearing thereon, notice thereof shall be given by posting on the bulletin board of the clerk of the legislature and by publication in the official county papers. Such notice shall state the time when and the place where the legislature shall convene for such hearing which normally will be at the next regularly scheduled meeting. In any event the posting and publication shall be not less than three nor more than fifteen days before the date of the hearing. In the case of the bulletin board notice, a copy of the proposed local law shall be attached; in the case of the published notice, a synopsis shall be provided.
Section 4. Legislative hearing by committee; form and time of notice. Whenever a local law is introduced and thereafter referred to a committee to hold a public legislative hearing and report thereon the time and place of the hearing shall be determined by the committee or the chairman thereof and notice shall be given by posting such time and place, together with a copy of the proposed local law, on the bulletin board of the clerk of the legislature. Such notice shall be posted not less than three nor more than fifteen days before the date of the hearing.