[629 NYS2d 881]

In the Matter of TENNESSEE GAS PIPELINE COMPANY, Appellant, v TOWN OF CHATHAM BOARD OF ASSESSORS et al., Respondents.

Third Department, August 3, 1995

## APPEARANCES OF COUNSEL

*Helm, Shapiro, Anito & McCale, P. C.,* Albany *(Mark D. Lansing* of counsel), for appellant.

*Tabner, Laudato & Ryan,* Albany *(Paul J. Laudato* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

After the Court of Appeals held that electrical and natural gas transmission and distribution equipment was ineligible for the partial exemption established by RPTL 485-b *(Matter of Long Is. Light. Co. v Board of Assessors,* 81 NY2d 1029), respondents sought to rescind the partial exemption granted to petitioner for its property in the Town of Chatham, Columbia County, through which petitioner had placed a high-pressure natural gas pipeline. Acting pursuant to the correction of assessment roll provisions of RPTL article 5, title 3, respondents determined that an error in essential fact had been made *(see,* RPTL 550 [3] [e]) and rescinded the exemption. Petitioner commenced this CPLR article 78 proceeding to review the determination and appeals from the judgment which dismissed the petition and from the order which denied petitioner's motion for reconsideration.

The order is not appealable *(see, Spa Realty Assocs. v Springs Assocs.,* 213 AD2d 781) and, therefore, the second appeal must be dismissed. As to the judgment, it must be reversed; the petition should be granted and the determinations annulled for lack of compliance with the 10-day notice requirement of RPTL 553 (2) (b). It is undisputed that although petitioner was notified of the assessment review proceeding and provided with a copy of the petition for review, the review proceeding was conducted less than 10 days after petitioner was notified. RPTL 553 (2) (b) requires that the notice shall be given at least 10 days prior to the date designated for the review of assessments.

Respondents contend that petitioner failed to raise the defect before Supreme Court. The petition, however, alleges that respondents failed to comply with the duties imposed by

RPTL article 5, and the affidavit of counsel in support of the petition specifies the failure to comply with the 10-day notice requirement of RPTL 553 (2) (b).

On the merits of petitioner's procedural claim, respondents argue that because petitioner received notice of the review proceeding in time to appear, petitioner sustained no prejudice and there was substantial compliance with the notice requirement. Lack of prejudice and substantial compliance are relevant, however, only if the 10-day notice requirement can be characterized as directory rather than mandatory *(see, Matter of Syquia v Board of Educ.,* 80 NY2d 531, 535-536; *Matter of D'Addario v McNab,* 32 NY2d 84, 87-88).

The relevant rules of construction *(see, e.g.,* McKinney's Cons Laws of NY, Book 1, Statutes § 171 *et seq.)* are of limited value, for "the line between mandatory and directory statutes cannot be drawn with precision" *(People v Karr,* 240 NY 348, 351; *accord, Matter of King v Carey,* 57 NY2d 505, 513). "The inquiry involves a consideration of the statutory scheme and objectives to determine whether the requirement for which dispensation is sought by the government may be said to be an 'unessential particular' * * * or, on the other hand, relates to the essence and substance of the act to be performed and thus cannot be viewed as merely directory" *(Matter of King v Carey, supra,* at 513).

We hold that the 10-day notice requirement of RPTL 553 (2) (b) falls into the latter category. RPTL 553 (2) (b) does not impose a period of limitation within which an administrative body or officer should act *(see, e.g., Matter of Grossman v Rankin,* 43 NY2d 493, 501). Rather, it creates a minimum period between the notice to be given and the proceeding which is the subject of the notice. With regard to motion practice and CPLR article 78 proceedings, the CPLR requires the service of papers a certain number of days prior to the return date (CPLR 2214 [b]; 7804 [c]). In *Matter of Brown v Casier* (95 AD2d 574, 577), we recognized that lack of compliance with these time requirements is a mere irregularity to be ignored in the absence of substantial prejudice to a party. In so doing, we noted that the Legislature could not have intended the notice requirement to be inflexible because it provided for shorter notice by order to show cause *(see,* CPLR 7804 [c]; *see also,* CPLR 2214 [d]). We also noted the legislative requirements that the CPLR be liberally construed (CPLR 104) and that if a substantial right of a party is not prejudiced, defects and omissions be disregarded (CPLR 2001).

The RPTL contains no similar provisions which indicate any legislative intent that the 10-day notice requirement is flexible or that defects can be disregarded. To the contrary, it is well established that tax levying statutes are narrowly or strictly construed against the taxing authority *(see, e.g., Debevoise & Plimpton v New York State Dept. of Taxation & Fin.,* 80 NY2d 657, 661; *People ex rel. Bingham Operating Corp. v Eyrich,* 265 App Div 562, 564, *lv denied* 266 App Div 803). It is also the rule that once the tentative assessment roll has been filed, it cannot be changed except as expressly provided by statute *(Niagara Mohawk Power Corp. v Town of Onondaga,* 96 AD2d 1138, 1139 [Boomer, J., dissenting], *revd on dissenting mem below* 63 NY2d 786). The statute upon which respondents relied to correct the assessment in this case requires at least 10 days' notice, with no provision for shorter notice (RPTL 553 [2] [b]). In contrast to RPTL 553 (2) (b), the Legislature expressly provided for some flexibility in the time requirement imposed by RPTL 553 (3) (a). Accordingly, we reject respondents' claim that a shorter time should be permitted in the absence of prejudice or harm. The Legislature has specified the minimum amount of notice required. In the words of former Chief Judge Crane, "Once permit the courts to determine the materiality of omissions, or failure to comply with such a statute, and the time element has no application at all, for the [10] days gives way completely to the rule of reasonable time, with all its uncertainty" *(People ex rel. Huff v Graves,* 277 NY 115, 122).

CARDONA, P. J., MIKOLL, MERCURE and PETERS, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and petition granted.

Ordered that the appeal from the order is dismissed, without costs.