■ In the Matter of Bruce R. Krug et al., Appellants, v County of Lewis et al., Respondents, et al., Respondent. [744 NYS2d 278] —Appeal from a judgment (denominated order) of Supreme Court, Lewis County (Parker, J.), entered May 23, 2001, which denied the CPLR article 78 petition seeking to annul a local law.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law without costs and the petition is granted.

Memorandum: The Lewis County Board of Legislators passed a resolution adopting a local law making the office of district attorney a full-time position with the same salary as that of the "County Judge of Lewis County." Petitioners commenced this CPLR article 78 proceeding seeking to annul the local law on the ground that it was not properly published in both official newspapers in accordance with County Law § 101 (1) and § 214 (2) and seeking to direct defendant County of Lewis to treat the district attorney as a part-time employee until such time as a local law changing the status of that office is properly enacted. Supreme Court erred in denying the petition.

As a preliminary matter, we note that, because petitioners' challenge is directed at the procedures followed in enacting the local law and not the substance of the local law, the court erred in converting this CPLR article 78 proceeding to an action for declaratory judgment (*see Matter of Voelckers v Guelli,* 58 NY2d 170, 176-177; *Atkins v Town of Rotterdam,* 266 AD2d 631, 632-633).

We agree with petitioners that the Clerk of the Lewis County Board of Legislators (Clerk) failed to publish the local law pursuant to County Law § 214 (2). That section requires "that any local law which is subject to a permissive referendum shall be published in [the] official newspapers at least once a week for two successive weeks, the first publication of which shall be had within ten days after such local law is adopted." The term "official newspapers" is defined as "at least two newspapers published within the county" designated by the Board of Legislators as "official newspapers" (*id.*). The record establishes that the Clerk published the local law in one newspaper during the first week and in the second newspaper during the second

week rather than in both newspapers during the two-week period. We reject the contention of respondents that they substantially complied with County Law § 214 (2) and thus that the local law should not be annulled. The notice by publication requirement is mandatory and is therefore "strictly enforced" (*Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 536; *see Matter of D'Addario v McNab*, 32 NY2d 84, 87-88; *see also Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors*, 213 AD2d 103, 105-106). In view of our determination, we do not address petitioners' remaining contentions.

All concur except Hayes, J., who dissents and votes to affirm in the following memorandum.

Hayes, J. (dissenting). I respectfully dissent and vote to affirm. Petitioners have cited no authority to support their contention that County Law § 214 (2) mandates publication of the local law in the same newspaper for two successive weeks. That statute requires "that any local law which is subject to a permissive referendum shall be published in [the] official newspapers at least once a week for two successive weeks" (County Law § 214 [2]). In my view, respondents complied with that statute by publishing the local law in one of the official newspapers one week and the other official newspaper the second week. As noted by Supreme Court, if the Legislature intended to require publication in all official newspapers for both weeks, it could have added "all" or "each" to the statutory provision to make it clear. In any event, there was substantial compliance with the statute because there was "some posting and publication to satisfy the statute" (*Matter of D'Addario v McNab, 32 NY2d 84, 87*). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.