Kristine Amodeo Lanchantin Informal Opinion Girvin Ferlazzo, P.C. No. 2005-16 20 Corporate Woods Blvd. Albany, New York 12211
Dear Ms. Amodeo Lanchantin:
Your firm, as counsel to the Mechanicville City School District, has asked whether a member of the board of education may continue in that position if elected as "city supervisor" for the City of Mechanicville to represent the city on the county board of supervisors. You are specifically concerned with Education Law §2502(7), which provides that "no person shall hold at the same time the office of member of the board of education and any cityoffice other than as a policeman or fireman" (emphasis added). We conclude that the position of city supervisor is not a "city office" within the meaning of Education Law § 2502(7) and thus that the statute does not bar a member of the city school district board of education from serving simultaneously as city supervisor.
BACKGROUND
A city supervisor is elected by city voters to serve on the county board of supervisors, which is the traditional form of county government consisting of the supervisors of the towns and cities in the county. See County Law § 150; Second Class Cities Law §§11, 210; Mechanicville City Charter § 73 (providing that a supervisor shall be elected at the city general election and shall represent the City on the Saratoga County Board of Supervisors).[1]
The county board of supervisors is the legislative and administrative arm of county government, and the city supervisor is a voting member of this legislative body. See generally County Law §§ 153, 154; id. art. 5. You have advised that the supervisor is assigned no other duties under the Mechanicville City Charter and exercises no authority within the city government. Additionally, the position is not listed among the city officers designated in the charter. See Mechanicville City Charter § 8.
You have explained that the Mechanicville City School District is a city school district subject to Article 51 of the Education Law, which applies to school districts of cities having less than 125,000 inhabitants. Section 2502 of that article contains provisions governing the boards of education of such city school districts and, as noted, precludes a member of the board of education from holding "any city office." See Education Law §2502(7).
ANALYSIS
We are not aware of any judicial decisions, advisory opinions or administrative determinations that have specifically addressed the question whether the position of city supervisor is a "city office" under Education Law § 2502(7) so as to preclude an individual from serving in both capacities. However, opinions of this office and judicial decisions that concern the status of the position of supervisor in other contexts are instructive.
In prior opinions of this office we have considered the status of a city supervisor under the common law standard of compatibility of office and under charter provisions prohibiting an individual from holding more than one city office. Relying on the fact that the city supervisor is not part of the governing body of the city and does not perform administrative or other duties within the city government,[2] we have consistently concluded that the position of city supervisor should not be considered a city office for these purposes. See 1970 Op. Att'y Gen. (Inf.) 102 (charter provision); 1938 Op. Att'y Gen. 263 (same); 1970 Op. Att'y Gen. (Inf.) 168 (common law compatibility of office); 1949 Op. Att'y Gen. (Inf.) 71 (same).
That a city supervisor does not exercise authority within the city government has similarly led a court to conclude that the supervisor's personal business dealings do not create a conflict of interest for the city. See Twin City Service Station, Inc. v.City of North Tonawanda, 162 Misc. 271 (Sup.Ct. 1937) (rejecting city's defense that contract with company was void because city supervisor served as an officer and stockholder of the company);see also Salducco v. Etkin, 244 A.D. 681, 684 (3d Dep't) (concluding that ward supervisor is not a city officer based on duties of the position),_rev'd on other grounds, 268N.Y. 606 (1935).
Although the courts have acknowledged that the position of city supervisor may be considered a city office for certain purposes, those decisions have involved statutes governing the election of city supervisors and have focused on the fact that the position historically has been provided for in city charters and is filled at general city elections. See Baldwin v. City of Buffalo,6 N.Y.2d 168 (1959) (concluding that alteration of ward boundaries is a matter within the affairs of the city); Lane v. Johnson,283 N.Y. 244 (1940) (holding that enactment of city charter providing for two supervisors is not a prohibited special law changing the structure of the county board of supervisors);People ex. relClancy v. Board of Supervisors of Westchester County, 139 N.Y. 524
(1893) (holding that former constitutional provision prohibiting special laws providing for the election of members of the county board of supervisors did not encompass a charter provision creating positions of ward supervisor). Accordingly, based upon the duties of the position and consistent with our prior opinions and the decision in Twin City Service Station, we believe the reference to "city office" in Education Law § 2502(7) is reasonably interpreted as not including the position of city supervisor.
The legislative history and purpose of the prohibition in Education Law § 2502(7) support this interpretation. This provision was added in 1950, as part of a major revision of the laws governing school districts in cities with a population of less than 125,000. SeeLaw 1950, ch. 762 (enacting new article 51 to govern school districts in cities with less than 125,000 inhabitants). The primary purpose of the amendment was to establish city school districts as fiscally independent of and separate from the cities. See Historical Note to Chapter 762, 1950 N.Y. Laws 2023, 2024; Letter of the Department of Audit and Control (Apr. 5, 1950), reprinted in Bill Jacket to ch. 762 (1950), at 14. Thus, the prohibition against small city school board members also serving as city officers was intended to maintain the school board's independence from the city government.SeeDecision No. 6793, 1 Educ. Dept. Reports 532 (June 23, 1960) ("The purpose of the insertion of this provision in the City School Law Revision of 1951 [sic] was to effect a complete separation between the cities and the city school districts.") (concluding that position of city court judge is a city office within meaning of the statute). Our conclusion that the prohibition in section 2502(7) does not include the position of city supervisor is consistent with this statutory purpose. In light of the fact that the city supervisor does not function as part of the city government, performs no duties related to the administration of the city, and acts solely as a representative of the city on the county board of supervisors, service of a city school district board member as a city supervisor does not impede the school district's fiscal and administrative independence from the city government. For these reasons, we conclude that Education Law § 2502(7) does not preclude a city school board member from serving as a city supervisor. See 1970 Op. Att'y Gen. (Inf.) 82 (membership on a city housing authority is not a city office for purposes of Education Law § 2502(7) because the housing authority is an entity separate from the city); cf. 1977 Op. Att'y Gen. (Inf.) 100 (member of city civil service commission is city officer for purposes of Education Law § 2502(7) because the duties involve the exercise of a portion of the sovereign powers of the city).
Indeed, for these purposes the city supervisor is more in the nature of a county official than a city officer. See Twin CityService Station, Inc. v. City of North Tonawanda,162 Misc. at 276. Notably, we have previously concluded that the duties of a member of an elected county legislature (whose members are elected from districts within the county) are consistent with the duties of a member of the board of education of a central school district located within the county. See Op. Att'y Gen. (Inf.) No. 82-1.
Finally, we address briefly the provisions of the Education Law that prohibit a school trustee or member of a board of education from holding the office of "supervisor." See Education Law §2103(1) ("No district superintendent or supervisor is eligible to the office of trustee or member of a board of education."); id. § 2112(3) ("A trustee or member of a board of education vacates his office by the acceptance of either the office of district superintendent or of supervisor."); see also Town Law § 23(1) ("No county treasurer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor."). You have indicated your belief that these provisions do not apply to boards of education of small city school districts. We agree. The structure of the Education Law and its legislative history indicate that these provisions, which predate the Education Law provisions governing city school districts, apply to common, union free, central and other non-city school districts. The limited application of sections 2103 and 2112 to non-city school districts is evidenced by their original placement within the consolidated Education Law; as enacted in their present form in 1947, they were included under Title II, entitled "School District Organization Outside Cities," while the provisions governing city school districts were found in Title III, entitled "City School Districts."[3] See Law 1947, ch. 820. The existence of separate articles governing city school districts continued with the enactment of the City School Law in 1950. See Law 1950, ch. 762, §§ 1, 5 (adding a new article 51 to govern small city school districts, renumbering former article 51 as article 52, and amending that article to apply to larger city school districts); id. § 4, as amended by Law 1951, ch. 789 (indicating legislative intent that provisions of new article 51 are intended to prevail over conflicting provisions as to matters addressed therein). Thus, we do not believe the eligibility provisions of sections 2103 and 2112 were intended to prohibit a city supervisor from serving as a member of the board of education in a small city school district. To the extent 1965 Op. Att'y Gen. (Inf.) 114 is inconsistent with this conclusion, it is hereby superseded.[4]
CONCLUSION
In sum, we conclude that a member of the board of education of a city school district is not prohibited by reason of Education Law § 2502(7) from serving as a city supervisor to represent the city on the county board of supervisors.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER Assistant Solicitor General In Charge of Opinions
[1] A city may have more than one supervisor elected from wards within the city. See, e.g., Second Class City Law § 11.
[2] This factor distinguishes city supervisors from town supervisors. The latter not only serve by virtue of that position as members of a county board of supervisors in counties with this form of government, but also have extensive administrative and legislative duties within the town government. See Town Law §§ 29,51.
[3] These separate titles were later deleted when all of the articles covering the organization and structure of the various types of school districts were grouped together under a new Title II of the Education Law captioned "School District Organization." See Law 1953, ch. 878, § 15. The title change was included in a bill that harmonized local and state laws with the changes affected by the 1950 City School Law, and which was not intended to have any substantive effect. See id. § 317 (legislative intent); Letter from Lt. Governor Howard Henig (Apr. 13, 1953), reprinted in Bill Jacket to ch. 878 (1953), at 9.
[4] In that opinion, we were asked whether these provisions prohibit a city school board member from being a candidate for supervisor or only prevent the individual from serving in both positions if elected; we did not consider whether the statutory prohibitions in fact applied to city school districts.