◼ In the Matter of HARRY HELLER, Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents. — Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which modified a personal income tax assessment imposed under Tax Law article 22 for the years 1965 and 1966.

Petitioner has been a resident of the District of Columbia since 1948. During 1965 and 1966, the years at issue, petitioner practiced law in the District and maintained a professional association with the New York City law firm of Simpson, Thacher & Bartlett (hereinafter the firm). Petitioner would represent the firm's clients when they had matters in the District, in return for which he received an annual fixed compensation and retained 60% of the fees he generated. In addition, the firm maintained petitioner's office in the District. Petitioner was denominated a partner of the firm in the Martindale-Hubbell directory and the firm's personnel directory, but he never signed the firm's partnership agreement, shared in the firm's profits or was liable for the firm's losses.

For 1965 and 1966, petitioner did not pay any New York State income tax. Thus, by notices dated May 3, 1968, petitioner was assessed $14,812.88 in taxes, penalty and interest for failure to pay State income taxes in 1965 and 1966. Petitioner then served a petition for redetermination in July 1968. No further action was taken until some 11½ years later when, by notice dated December 21, 1979, the State Tax Commission scheduled a formal hearing. Petitioner then moved to serve an amended petition and to compel the Tax Commission to serve an answer. A final notice of formal hearing dated April 25, 1980 was served and a hearing was held. No answer was served by the Tax Commission until the hearing commenced on May 27, 1980.

At the conclusion of the hearing, petitioner filed proposed findings of fact, but no determination was issued by the Tax Commission for some four years. By determination dated April 6, 1984, the Tax Commission upheld the notice of deficiency dated May 3, 1968, subject to modifications not here at issue, concluding that petitioner was a nonresident partner of the firm who had received distributions of partnership income which were derived from New York sources and, thus, subject to New York income tax under Tax Law § 637 (a) and 20 NYCRR 134.1. Petitioner commenced the instant CPLR article 78 proceeding to challenge the Tax Commission's determination and it has been transferred to this court.

We annul. We are deeply disturbed by the delay which has characterized this matter. Without explanation, it took the Tax Commission 12 years to schedule and hold a hearing and to file an answer. It took another four years before the Tax Commission issued a determination following the hearing. Such inordinate, unexplained delay cannot pass scrutiny. We recognize that the time periods imposed on administrative agencies[*] are merely directory (*see, e.g., Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, 40, *affd* 59 NY2d 950) and that, where a party suffers substantial prejudice, unreasonable delay by an administrative agency does not deprive the agency of jurisdiction. An unreasonable delay can, however, constitute an erroneous exercise of discretion (*see, e.g., Matter of Erdos v New York State Dept. of Educ.,* 105 AD2d 504). The inordinate, unexplained delay by the Tax Commission in this case cannot pass scrutiny for it constitutes such an erroneous exercise of discretion.

---

[*] Since at least 1976, the Tax Commission has subjected itself to time periods in which, for example, an answer must be served (20 NYCRR 601.6 [a] [1]). Of course, hearings must be held in a reasonable amount of time (*see,* State Administrative Procedure Act § 301 [1]).

The Court of Appeals has indicated that, in some circumstances, an extensive delay may constitute substantial prejudice when it stated that "the mere passage of time *normally* will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818; emphasis supplied). An unexplained delay of 12 to 16 years is the type of delay that is not normal and should constitute substantial prejudice, even in the absence of some showing of actual injury. For a taxpayer to be left in abeyance for such an extended period of time without reason is contrary to fundamental notions of fairness and is unacceptable. Taxpayers should be able to plan for the future with some idea of their tax liability and the Tax Commission's delay of over a decade in just scheduling a hearing and filing an answer has effectively prevented petitioner from doing such (*cf. Matter of Cortlandt Nursing Home v Axelrod,* 99 AD2d 105, 109, *appeal dismissed* 63 NY2d 772, *lv granted* 64 NY2d 602). In the absence of an explanation from the Tax Commission for the extensive delay present in this case, we conclude that the 12- to 16-year delay in scheduling and holding a hearing, filing an answer and issuing a determination constitutes an erroneous exercise of discretion which requires annulment of the determination.

We choose not to discuss the other issues raised in light of our resolution of this proceeding.

Determination annulled, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.