■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v HOWARD JOHNSON COMPANY, Doing Business as HOWARD JOHNSON'S, et al., Respondents.—Motion by the respondents for reargument of an application by the petitioners pursuant to Executive Law § 298 to enforce an order of the Commissioner of the State Division of Human Rights, dated January 5, 1984, which application was determined by decision and order of this court both dated January 22, 1986, which granted the petitioner's application.

Motion granted, and upon reargument, this court's decision dated January 22, 1986, is recalled and vacated, and the following decision is substituted therefor.

"Proceeding pursuant to Executive Law § 298 to enforce an order of the New York State Division of Human Rights, dated January 5, 1984.

"Application granted, without costs or disbursements, the respondents are directed to comply with the order of the Commissioner of the State Division of Human Rights dated January 5, 1984, which is amended by striking from the fourth line of subparagraph No. 2 of the second decretal paragraph the words 'Complainant Kim' and by substituting therefor the words 'Complainant Donna'. The respondent Howard Johnson Company is directed to comply with the monetary provisions of the order within 20 days after service upon it of a copy of the order to be made hereon.

"In light of our limited scope of review *(see, Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176), we conclude that there is substantial evidence in the record to support the determination that the respondents unlawfully

discriminated against the complainants in discharging them from their positions as waitresses. Although the respondents maintain that the complainants were discharged due to their failure to attend a disciplinary meeting, there is adequate support in the record justifying the Commissioner's conclusion that this was only a pretext, and that the respondents' motives were actually discriminatory in nature *(see, Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 40). Although there is evidence in the record that the respondents terminated the complainants' employment due to their failure to attend this disciplinary meeting, the record also indicates that the respondents had no grounds for requiring the complainants' presence at this disciplinary meeting, the complainants were not given notice of the meeting, and they were not afforded any opportunity to explain their absence from the meeting prior to their discharge. Additionally, we note that contrary to the respondents' contentions, the complainants' testimony is alone sufficient to warrant an award for compensatory damages for mental suffering and humiliation *(Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497).

"The respondents have failed to demonstrate how the lengthy administrative delays involved in this proceeding caused them any substantial prejudice *(see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816). Moreover, our review of the record reveals that the Administrative Law Judge who conducted the public hearing evinced no bias or hostility towards the respondents. Although he often intervened in the proceedings, he did so even-handedly and in a fair and impartial manner.

"The order is amended to reflect a clerical error.

"MANGANO, J. P., THOMPSON, BROWN and WEINSTEIN, JJ., concur." Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.