■ In the Matter of DONALD O. WIRTH, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice veterinary medicine in New York for two years with a stay of the last year followed by a two-year period of probation.

Petitioner, a licensed veterinarian, was charged with five specifications of misconduct in January 1984. A hearing was subsequently held before the State Board of Veterinary Medicine. The Hearing Panel determined that petitioner was not guilty of the first and second specifications of professional misconduct which had alleged gross negligence and gross incompetence. He was, however, found guilty of the third specification (negligence on more than one occasion) and the fifth specification (unprofessional conduct in failing to keep adequate records). The fourth specification alleged incompetence on more than one occasion and cited to three examples which were denoted "a", "b" and "c". Ostensibly overlooking a typographical error, the Hearing Panel found petitioner both guilty and not guilty of "a", not guilty of "c", and did not mention "b". The Hearing Panel recommended that petition-

er's license be suspended for two years, that execution of the suspension be stayed and petitioner placed on probation for two years. The Regents Review Committee (Committee), apparently unaware of the error in the Hearing Panel's findings, recommended that respondent Board of Regents (Board) "accept the findings and determination of the Hearing Panel that [petitioner] is guilty of the third, fourth and fifth specifications of the charges to the extent indicated in its report and not guilty of the first and second specifications". The Committee recommended that the discipline to be imposed be modified from that suggested by the Hearing Panel. The Committee asked that petitioner's license be suspended for two years with a stay of only the last year, at which time petitioner would be placed on probation for two years. In March 1985, the Board adopted the Committee's findings and recommendations and respondent Commissioner of Education subsequently issued an order implementing the Board's determination.

In April 1985, petitioner commenced a CPLR article 78 proceeding challenging the Commissioner's determination. While that proceeding was pending, petitioner moved for reconsideration of the determination focusing on the apparent contradiction in the Hearing Panel's finding with regard to the fourth specification. The Board granted petitioner's application and remanded the matter to the Committee for reconsideration. The Committee interpreted the Hearing Panel's report as finding petitioner guilty of no more than one of the three examples of incompetence in the fourth specification. Since that specification alleged incompetence on more than one occasion, the Committee clarified its prior recommendation by finding petitioner not guilty of the entire fourth charge. The Committee maintained its determination of guilt with regard to charges three and five and the same penalty was recommended. The Board adopted the Committee's findings and recommendations and the Commissioner issued a new order implementing the same. Petitioner then commenced the instant proceeding seeking to annul the Commissioner's later determination.

Petitioner contends that the Commissioner's initial order contained a finding of guilty of a charge which the Hearing Panel had determined petitioner was not guilty of committing. Petitioner thus argues that, pursuant to Education Law § 6510 (4) (c), the Board was required to remand the matter for reconsideration or a new hearing. Education Law § 6510 (4) (c) provides that "[i]f the board of regents disagrees with the Hearing Panel's determination of not guilty, it shall remand

the matter to the original panel for reconsideration or to a new panel for a new hearing". We do not find that the Board's determination was in disagreement with that of the Hearing Panel. Indeed, the original order expressly determined that "the findings of fact * * * [and] the determination of the Hearing Panel as to the question of guilt of the [petitioner] be accepted". The order further stated that petitioner "is guilty of the third, fourth, and fifth specifications of the charges *to the extent indicated in the report of the Hearing Panel"* (emphasis supplied). It is evident that the Board intended to accept the findings of guilt as determined by the Hearing Panel and there is no indication that it found petitioner guilty of charges of which the Hearing Panel had found him not guilty. However, the ambiguity as to the fourth charge created a situation for reconsideration since, in essence, the Board had not clearly decided that charge as required by statute *(see,* Education Law § 6510 [4] [c] [2]).

Upon reconsideration, the Committee resolved the ambiguity in the fourth specification in petitioner's favor, finding him not guilty of the entire fourth specification. The Board accepted this recommendation and an order was issued accordingly. The procedure followed by the Board was neither in violation of law nor did it cause any prejudice to petitioner. Hence, we conclude that the procedures followed do not require this determination to be annulled.

Petitioner next contends that the penalty imposed is excessive. Determinations of discipline by an administrative agency are set aside by this court " 'only if the measure of punishment or discipline imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). The negligence which petitioner has been found guilty of resulted in, *inter alia,* the death of one animal and deformity of another. Further, there were instances of misdiagnoses which were only discovered when the animals were taken to another veterinarian. While the penalty imposed might be more stringent than cases with similar factual patterns, we cannot say as a matter of law that it shocks one's sense of fairness. Hence, we are constrained to uphold the penalty.

Lastly, petitioner contends that he was not afforded a timely hearing. Since there has been no showing of prejudice and the hearing was commenced within three years of the alleged incidents, we find this contention meritless *(see, Matter of*

*Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818; *cf., Matter of Heller v Chu,* 111 AD2d 1007, *appeal dismissed* 66 NY2d 696).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.