■ In the Matter of JOHN AMBROSIO, as President of Local 1181-1061, Amalgamated Transit Union AFL-CIO, Appellant, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—In a proceeding pursuant to CPLR article 78 (1) to review a determination of the respondent State Division of Human Rights dated April 23, 1987, which joined Local 1181-1061, Amalgamated Transit Union AFL-CIO (hereinafter the Local) as a necessary party to a proceeding before the respondent entitled "State Division of Human Rights on the Complaint of Nisson Shloma, Complainant vs. Interboro Bus Company, Respondent", and (2) to prohibit the respondent from proceeding against the Local, the petitioner appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated December 11, 1987, which denied the application and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Almost two years after a complaint was filed with the State Division of Human Rights (hereinafter the SDHR) alleging discrimination by the Interboro Bus Company against the complainant because of his religious beliefs, the petitioner was joined as a necessary party to the proceeding after an investigation of the complainant's allegations revealed that its presence at an evidentiary hearing was required to resolve factual disputes.

We agree with the Supreme Court that the SDHR acted to join the Local as a necessary party as promptly as was consonant with a fair and effective investigation of the issues presented by the underlying complaint (Executive Law § 297 [2]). The time limits set forth in Executive Law § 297 are directory and not mandatory *(Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371; *Matter of 121-129 Broadway Realty v New York State Div. of*

*Human Rights,* 43 AD2d 754; *Matter of Moskal v State of New York, Executive Dept., Div. of Human Rights,* 36 AD2d 46; *see also, Matter of Liverpool Cent. School Dist. v State Div. of Human Rights,* 46 AD2d 1004). They were enacted for the benefit of complainants, not those charged with violating the statute, and in the absence of substantial prejudice to the party charged, delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it *(Matter of Liverpool Cent. School Dist. v State Div. of Human Rights, supra,* at 1005; *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40, *affd* 47 NY2d 789).

"[T]he mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury to the respondent" *(Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818; *see also, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115; *Matter of Wirth v Ambach,* 134 AD2d 650; *Matter of State Div. of Human Rights v Johnson Co.,* 122 AD2d 949). The petitioner has failed to substantiate the claim that the Local was injured by the alleged delay of the SDHR in serving it with a complaint.

Nor is there merit to the petitioner's contention that since the Local was not joined as a necessary party within one year of the alleged discriminatory practice, the proceeding against it was barred by the Statute of Limitations contained in Executive Law § 297 (5). Executive Law § 297 (5) requires a complainant to file a complaint within one year of the alleged unlawful discriminatory practice. The complainant complied with this requirement. However, this section does not require the complainant to serve a respondent or a necessary party with the complaint. Rather, Executive Law § 297 (2) imposes a duty upon the SDHR to "promptly" serve the respondent and any necessary party with a copy of the complaint. Therefore, the SDHR was only required to serve the petitioner "promptly". Accordingly, the Supreme Court did not abuse its discretion in denying the application and dismissing the petition. Mollen, P. J., Mangano, Brown and Eiber, JJ., concur.