OPINION OF THE COURT
Acting Chief Judge Simons.
Petitioner Susan Syquia, a tenured teacher with the Harpursville Central School District, instituted this CPLR article 78 proceeding seeking to annul her dismissal for insubordination. She contends that dismissal cannot stand because respondent Board of Education violated Education Law § 3020-a by paying compensation beyond that authorized by statute to a member of the hearing panel that considered her case. Supreme Court granted her petition to annul, restored her to her tenured position and ordered a new hearing, and the Appellate Division affirmed its order. There should be an affirmance.
In 1985, respondent Board of Education initiated disciplinary charges against petitioner, a teacher with more than 25 years of experience in the district. The charges alleged both incompetency and insubordination. She invoked her right to a hearing on the charges under Education Law § 3020-a. Consistent with the procedure spelled out in the statute, petitioner chose respondent Henry Stafford as a hearing panel member, the Board of Education chose respondent Richard McLean, and the two designees in turn chose William Babiskin to serve as panel chairperson. Between 1985 and 1988, the panel conducted 48 days of hearings. At the conclusion of the proceedings, the panel unanimously found petitioner not guilty of incompetence but, by a 2 to 1 vote, determined that she was guilty of insubordination and recommended her termination. Respondent Stafford dissented, finding petitioner guilty of only a minor charge of insubordination and recommending a lesser penalty than termination. The Board of Education implemented the majority’s recommendations and dismissed petitioner.
Three days after the hearing panel issued its determinations, petitioner learned that the Board of Education, in a contravention of Education Law § 3020-a (3) (b), had agreed to pay panel member McLean an additional $100 per day to serve on the panel. The statute expressly sets compensation at *535 $50 per diem for the two nonpresiding members of the panel, a sum which is paid from a fund administered by the Commissioner of Education, not by either party. In addition, Education Law § 3020-a (3) (c) bars from service on the panel anyone who is employed "in the territory under the jurisdiction of the [Board of Education]”. Petitioner maintains that McLean was so employed because he received the extra compensation.
Petitioner claims the compensation scheme violated her right to have an impartial decision-maker under the Due Process Clause of the Federal Constitution. She contends further that, because of the statutory noncompliance, the Board’s decision to terminate her on the basis of the hearing panel’s report was a determination made in violation of lawful procedure for which relief may be granted under CPLR article 78 (see, CPLR 7803). Respondent Board contends that petitioner has failed to make out a due process claim because there has been no showing of actual prejudice. It argues as well that her article 78 cause of action is unavailing because the hearing panel’s determinations were supported by substantial evidence.
The Appellate Division concluded that respondent’s actions violated petitioner’s right to due process of law. Under established principles of judicial restraint, however, courts should not address constitutional issues when a decision can be reached on other grounds (Matter of Beach v Shanley, 62 NY2d 241, 254; Matter of Peters v New York City Hons. Auth., 307 NY 519). This is such a case. We find it unnecessary to reach the constitutional question because the Board of Education’s material departure from mandatory provisions of section 3020-a (3) (b) and (c) constituted error entitling petitioner to relief in the article 78 proceeding.
Not all deviations from statutory procedures will justify vacatur of an administrative determination. A rule that rendered every administrative decision void unless it was determined in strict literal compliance with statutory procedure would not only be impractical but would also fail to recognize the degree to which broader public concerns, not merely the interests of the parties, are affected by administrative proceedings (see, Brock v Pierce County, 476 US 253, 260). When an administrative body fails to comply with procedural provisions that are merely directory, relief will be granted only if petitioners show that substantial prejudice resulted from the noncompliance (Matter of Sarkisian Bros, v State Div. of *536 Human Rights, 48 NY2d 816; see also, Matter of Geary v Commissioner of Motor Vehicles, 59 NY2d 950, 952; Matter of Erdos v New York State Dept, of Educ., 105 AD2d 504). For example, courts have held in various contexts that deadlines imposed by statute will be read as directory rather than mandatory (see, e.g., Matter of Heller v Chu, 111 AD2d 1007, appeal dismissed 66 NY2d 696; Matter of Geary v Commissioner of Motor Vehicles, 92 AD2d 38, affd 59 NY2d 950).
A different analysis comes into play, however, when a statutory provision is mandatory. In determining whether a provision is mandatory or directory, a court must examine both the language of the statute and the legislative intent underlying it (Jiggetts v Grinker, 75 NY2d 411). Here, Education Law § 3020-a provides a detailed scheme for protecting the interests of the tenured employee facing discipline. As amended in 1977, the statute was designed to provide, according to a legislative memorandum, "uniform, impartial hearing procedures for the handling of disciplinary matters for teachers who have acquired tenure” (see, 1977 NY Legis Ann, at 94). Consistent with the Legislature’s goal of effecting procedural uniformity, the language of the provisions relevant here speaks in terms implying duty, not discretion: "Hearing panel members * * * shall be compensated at the rate of fifty dollars for each day” (subd [3] [b] [emphasis added]); "[a]ll such hearings shall be held before a hearing panel composed of three members not resident, nor employed, in the territory under the jurisdiction of the employing board” (subd [3] [c] [emphasis added]).
To be compared with this mandatory language is that found elsewhere within the statute, where the Legislature chose to authorize discretion, e.g., "Such rules [promulgated by the Commissioner to govern hearings] shall not require compliance with technical rules of evidence” (subd [3] [c]); "Each such hearing shall be * * * public or private at the discretion of the employee” (subd [3] [c]). We conclude, therefore, that the provisions on compensation and employment were intended to be strictly enforced.
Significant here, too, is the nature of the procedural safeguards written into the law. Several, such as the prohibition against using district residents as panel members, are prophylactic, concerned not merely with preventing the possibility of bias but also with preventing the appearance of bias (see, Matter of Conley v Ambach, 61 NY2d 685; see also, Matter of *537 Board, of Educ. [Conley], 21 Ed Dept Rep 255, 256 [Commissioner’s ruling that panel members must disclose "all facts known to them which might * * * create even the appearance of partiality or bias”]). Where statutory provisions manifest a clear concern for the appearance of fairness as well as its substance, a court should be reluctant to find that the very procedures designed to create the appearance are only directory. Education Law § 3020-o’s dictates concerning compensation fall squarely within that rationale. By prescribing equal compensation between the employee’s designated panel member and the Board’s designated member and by authorizing a system in which compensation would not be paid by either party, but rather from the Commissioner’s fund, the Legislature intended to eliminate even the appearance of financial influence. That legislative intent can be given effect only if the provisions are mandatory.
Accordingly, the panel’s determination must be vacated and a new hearing ordered. Even if the Board’s intentions were innocent, even if no actual prejudice resulted, the Board did not have the discretion to pay the extra compensation and its doing so interfered materially with a fundamental purpose of the enactment.
Respondent Board contends alternatively that if the Court finds the extra compensation contravened the statutory requirements, it should nonetheless affirm the panel’s determinations if they are supported by substantial evidence in the record. Such an approach is not appropriate in these circumstances. Where the procedural noncompliance by an administrative body rises to the level of an abuse of discretion or authority, as it does here, the noncompliance alone is sufficient to warrant granting a new hearing (see, Matter of Clayton v Clement, 33 NY2d 386; Matter of Soucy v Board of Educ., 41 AD2d 984, appeal dismissed 33 NY2d 653; see, Matter of Heller v Chu, 111 AD2d 1007, 1008-1009, supra). The Board’s improper payment, in effect, rendered one member of the panel ineligible to serve. We cannot know what influence his presence had on the selection of a chairperson, the creation of the record or the determinations the panel made based on that record. To employ a substantial evidence test here would be to give validity to a record clouded by the unlawful act of the Board and to leave petitioner with an inadequate remedy.
*538 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs.