OPINION OF THE COURT
Michael Gerstein, J.
*871 The issue in this case, which appears to be one of first impression, is the constitutionality of section 10-118 (b) of the Administrative Code of the City of New York, which prohibits the transportation of building materials without proof of ownership or right to possession thereof. Defendant challenges both the sufficiency of the complaint and the statute. He moves, first, for dismissal for facial insufficiency pursuant to CPL 170.30 (1) (a), 170.35 (1) (a), (b), 100.15 and 100.40. Second, defendant moves for a finding that the regulation deprives him of due process under the Fifth and Fourteenth Amendments of the United States Constitution, and article I, § 6 of the New York Constitution, and is unconstitutionally vague and/or overbroad. The People oppose defendant’s motion in its entirety. For the following reasons, defendant’s motion is denied.
Defendant’s Motion to Dismiss the Complaint for Facial Insufficiency Is Denied A. Legal and Factual Background
Where a case may properly be determined on other grounds, a court should refrain from considering challenges brought under the Federal or State Constitutions. (Jean v Nelson, 472 US 846 [1985]; Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531 [1992].) We therefore consider, as a threshold matter, the facial sufficiency of the complaint.
In order to be sufficient on its face, an accusatory instrument must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].)
The complaint, signed by Police Officer Ronny Forbes, states in relevant part:
“The Deponent is informed by the sworn statement of [Police Officer] Joseph C. Weldon . . . that, at the above time and place [3:39 p.m. at the corner of Howard Avenue and Macon Street], the Informant observed the Defendant on a sidewalk which is a public street or way, and pushing a cart containing piping.
“The Deponent is further informed by the sworn statement of Informant that upon Informant’s request, Defendant was unable to produce a bill of sale for or other proper proof of ownership or right *872 to possession of the above-mentioned materials signed by the owner of the building or structure from which those materials were removed or by another appropriate legal authority.
“The Defendant is charged on these allegations with one count of Destruction [or] Removal of Property in Building or Structures (AC § 10-118). In addition to the Complaint, the People have served and filed a supporting deposition signed by Police Officer Weldon, corroborating the allegations in the accusatory instrument, and converting the Complaint into an Information.”
B. The Complaint Sufficiently Alleges Destruction or Removal of Property in Building or Structures (Administrative Code § 10-118)
Defendant’s argument on facial sufficiency, and on the entirety of his motion, derives from a fundamental misconception of the statute — the mistaken belief that in order to violate Administrative Code § 10-118, defendant must have unlawfully removed building materials from a construction site or structure (defendant’s mem at 5).
Defendant argues that the complaint fails to describe the nature, cost or quantity of the pipes, and contains no allegation that the pipes in defendant’s possession were taken from a structure or building. The People counter that Administrative Code § 10-118 requires no further allegations than those already contained in the complaint. We agree with the People.
Administrative Code § 10-118 (b) provides:
“[N]o person shall transport . . . along or across a public street . . . used materials or parts of buildings or structures, including but not limited to, piping . . . unless such person shall possess a bill of sale or other proper proof of ownership or right to possession of same signed by the owner of the building or structure, or one authorized by an appropriate legal authority.”
In order to sustain a charge under this regulation, allegations in a complaint need only establish that the defendant was transporting piping along a public street without proof of ownership or authorization to possess these materials.
The complaint and supporting deposition allege that defendant was transporting piping at the corner of Howard Avenue *873 and Macon Street in a cart, without proof of ownership or authorization. Contrary to defendant’s argument, the term “piping” is not conclusory. A “pipe” is defined in this context as “a long tube or hollow body for conducting a liquid, gas, or finely divided solid or for structural purposes.” (Merriam-Webster Collegiate Dictionary [11th ed 2007-2008], pipe.) “Piping” is offered in the regulation as an example of the “building materials,” the transport of which requires a receipt or proof of authorization.
While the title of the statute and its other provisions reference a building or structure, Administrative Code § 10-118 (b) nowhere requires allegations that the objects defined in the statute as “building materials” were actually removed from a building. Allegations that defendant was transporting piping, and was unable to produce either proof of ownership or right to possess these materials, though perhaps not complete enough to sustain a conviction under Administrative Code § 10-118 (b), are sufficient to establish removal of property in buildings or structures at this stage in the proceedings. (People v Jennings, 69 NY2d 103, 115 [1986] [the facts alleged in a complaint need only establish the existence of a prima facie case, and need not be legally sufficient to prove guilt beyond a reasonable doubt]; see also People v Cooper, NYLJ, Nov. 9, 2001, at 19, col 6 [Grim Ct, Kings County] [police officer had probable cause to arrest a defendant under Administrative Code § 10-118, where defendant was observed carrying window frames for which he had no proof of ownership].)
The Statute Does Not Create an Irrebuttable Assumption of Guilt so as to Violate Defendant’s Right to Due Process
Defendant next argues that the statute has denied him due process. Defendant asserts first that, because Administrative Code § 10-118 was intended to prevent vandalism and destruction of property, the statute creates a conclusive, irrebuttable presumption that the defendant unlawfully removed the piping from construction sites or buildings. Such a presumption, he argues, would be impermissible under Vlandis v Kline (412 US 441 [1973].) Second, defendant argues that to find the statute constitutional would require construing it as a strict liability offense, which would be unlawful under Morissette v United States (342 US 246 [1952]). We examine the arguments in turn.
*874 A. Administrative Code § 10-118 Does Not Create an Impermissible Irrebuttable Presumption
Defendant argues that, because Administrative Code § 10-118 was purportedly enacted to prevent the removal of building materials from building sites,[1] the statute creates the presumption that any individual found with building materials is guilty of vandalism. Defense counsel further asserts that defendant is innocent of removing the piping from a building (defendant’s mem at 8), and has thus been caught in the net of a regulation that reaches far beyond its goal, with no possibility of disproving the presumption that he stole the piping allegedly found in his possession.
For the following reasons, we find that the statute does not create an irrebuttable presumption as that term was defined in Vlandis v Kline (supra), and that the presumption created in the statute is permissible and comports with the Federal and State Constitutions. (See Michael H. v Gerald D., 491 US 110 [1989].)
1. The Irrebuttable Presumption Doctrine
The irrebuttable presumption doctrine, developed by the Supreme Court in Vlandis v Kline (supra), Bell v Bur son (402 US 535 [1971]), and Stanley v Illinois (405 US 645 [1972]), provides that a statute cannot confer or deny a right based on a classification that is not universally true, unless the State provides a means of rebutting the presumption with competent evidence. (See Catlin v Sobol, 93 F3d 1112, 1117 [2d Cir 1996]; Note, The Irrebuttable Presumption Doctrine in the Supreme Court, 87 Harv L Rev 1534, 1534-1535 [1974].)
The Connecticut statute at issue in Vlandis (supra) provided that any individual who had an out of state address at the time of applying for state college in Connecticut would be classified as a nonresident, and required to pay tuition, for the duration of his or her academic studies. The suit was brought by Connecticut residents, some with Connecticut driver’s licenses, who had been permanently classified as nonresidents under the statute, and thus denied the benefit of free tuition. The Court held that the statute’s irrebuttable presumption — that students who applied from out of state were not and could not become Connecticut residents — was not universally true and that the *875 statute’s failure to provide potential students with a means to rebut the presumption rendered it unconstitutional on due process grounds. (Vlandis v Kline, 412 US at 452, 453 [“it is forbidden by the Due Process Clause to deny an individual the resident rates on the basis of a permanent and irrebuttable presumption of nonresidence, when that presumption is not . . . universally true, in fact”].)
Since this holding, the irrebuttable presumption doctrine has been considerably criticized. The Second Circuit noted in Catlin v Sobol (supra) that the definition of an irrebuttable presumption was so fluid that it might fit any statutory presumption, depending on the definition of the relevant class. (Catlin v Sobol, 93 F3d at 1118 [upholding New York residency statute which created the presumption that children reside with their parents in absence of parental abandonment].) Other commentators have found the Vlandis standard, which demands that any conclusive presumption be “necessarily or universally true in fact,” to be unworkably exacting. (Note, The Irrebuttable Presumption Doctrine in the Supreme Court, 87 Harv L Rev 1534, 1549 [1974]; see also 2 Ronald D. Rotunda and John E. Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.6 [1992] [cited in Catlin v Sobol, 93 F3d at 1118].)[2]
The Supreme Court itself has retreated from the doctrine articulated in Vlandis. In Michael H. v Gerald D. (491 US 110 [1989]), which cites to articles critical of the doctrine (Michael H., 491 US at 120-121), the Supreme Court upheld a statutory presumption that a child born to a married woman living with her husband was a child of the marriage, denying the putative father’s claim to the child. Rather than applying the universal truth standard articulated in Vlandis v Kline (supra), the Court explicitly noted “[w]e apply . . . the ordinary ‘rational relationship’ test,” finding that the statute “pursue[d] a legitimate end by rational means.” (Michael H. v Gerald D., 491 US at 131.)
*876 The decline of the doctrine is further evidenced by the fact that, since 1973, the Supreme Court has not explicitly invalidated a statute under Vlandis v Kline (supra; see Department of Agriculture v Murry, 413 US 508 [1973]; see also Brennan v Stewart, 834 F2d 1248 [5th Cir 1988] [arguing that the irrebuttable presumption doctrine was effectively overruled in Weinberger v Salfi, 422 US 749 (1975)]).
2. Defendant Has Not Shown That He Was Aggrieved by an Impermissible Irrebuttable Presumption
Assuming arguendo that defendant has standing to dispute the presumption in this statute (see United States v Hays, 515 US 737 [1995]), even the broadest expression of the Vlandis doctrine would not invalidate the statute at issue here, which does not create an irrebuttable presumption.
Defendant argues that Administrative Code § 10-118 presumes that individuals who transport building materials stole these from building sites. This interpretation, however, contradicts the language of the regulation, which merely provides that no individual shall move portions of buildings or building materials in public streets without proof of ownership or permission to do so. (Administrative Code § 10-118.) We decline to elevate defendant’s reading of City Council proceedings or professed motivation in enacting the statute over the precise language of the statute itself.
The only presumption created by the statute is that where loose fragments of buildings are carried or carted about the city, such materials were likely unlawfully removed from a building or construction site at some point in time. Unlike the statutes at issue in Vlandis (supra) and Bell v Burson (supra), the statute already provides a means of overcoming this presumption: by presenting proof of ownership or authorization. (Administrative Code § 10-118 [b].)
Similar presumptions and requirements are common in the Penal Law, Administrative Code, and Vehicle and Traffic Law. For example, the law presumes that an individual driving without a license in their possession is unfit to drive (Vehicle and Traffic Law § 509); requires a person to present proof of majority before drinking alcohol (Alcoholic Beverage Control Law § 65-b); and prevents the unlicensed sale of vehicle parts (Vehicle and Traffic Law § 415-a [1-a]; see also People v Bell-field, 11 NY2d 947 [1962] [holding that a statute prohibiting the possession of a hypodermic syringe without valid written prescription or a valid medical license did not create an *877 impermissible irrebuttable presumption]; People v Nemadi, 140 Misc 2d 712 [Crim Ct, NY County 1988] [upholding a statute requiring the installation of window guards, and finding that the statute and the presumption of innocence provided the defendant adequate right to interpose a defense to the People’s case]).
Defendant attempts to distinguish Administrative Code § 10-118 from Penal Law § 220.45, the derivative of the statute upheld in People v Bellfield (supra), by arguing that the regulation at issue in this case contains no exemptions. Contrary to his argument, however, Administrative Code § 10-118 merely requires a receipt or any other proof of ownership, and does not require proof that defendant is a construction worker. The statute in People v Bellfield (supra) required a possessor of a syringe to produce a prescription and provided exemptions only for a limited number of medical professions.
Nor are we persuaded by defendant’s argument that the statute requires an individual to provide a self-authored proof every time he or she wishes to transport, along a public street, piping taken from his or her house. Defendant has not claimed that he made the piping himself, or removed it from the framework of his own building. Neither has defendant shown that the need to transport building materials in a crowded urban area is so common or so vital to everyday life that the proof of ownership requirement presents an insurmountable burden to his livelihood. As it does for driving, consuming alcoholic beverages or selling used car parts, the Legislature requires some proof of authorization or permit for the transportation of building parts or materials, a requirement reasonably related to the statute’s goal of deterring theft and vandalism from construction sites. (Michael H. v Gerald D., supra.)
For the foregoing reasons, we find that the statute does not create an impermissible irrebuttable presumption under Vlandis v Kline (supra). We therefore decline to invalidate the statute on those grounds.
B. The Statute Is Not Construed as a Strict Liability Offense for the Crime of Theft
Defendant further argues that in order to find the statute constitutional under Vlandis v Kline (supra), we must construe it as a strict liability offense, the gravamen of which is theft and vandalism (defendant’s aff at 12). He further argues that this interpretation of the statute is barred by Morissette v United States (supra). Again, defendant’s argument relies on a misreading of the statute under which he is charged.
*878 The substantive conduct punished by this statute is not, as defendant argues, theft and vandalism, but the transportation of building materials without proper licensing. (Administrative Code § 10-118.)
It is therefore not a defense under Administrative Code § 10-118 that the defendant found the piping at issue in an abandoned state. (People v Cooper, supra.) The statute merely requires proof that defendant transported these materials without proof of ownership or authorization.
Defendant’s attempt to liken this case to Morissette v United States (supra) is therefore unavailing. The defendant in that case was convicted of converting government property for appropriating abandoned, rusting spent bomb casings. The Supreme Court reversed the defendant’s conviction, holding that the statute could not be inferred to confer strict liability for theft, a crime which requires knowledge that the items taken belonged to another. (Morissette v United States, 342 US at 263.)
Unlike the statute in Morissette, the substantive conduct punished by Administrative Code § 10-118 is not theft, but transporting materials without a license. We therefore need not interpret the regulation as a strict liability offense in order to find the regulation constitutional or the allegations sufficient to establish that defendant willfully transported the building materials. (See Penal Law § 15.15 [2] [“(a) statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability”].)
The Statute Is Not Unconstitutionally Vague or Overbroad
In addressing a challenge for vagueness, courts have applied a two-part test, determining first whether the statute “give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute” (People v Stuart, 100 NY2d 412, 420 [2003]; Grayned v City of Rockford, 408 US 104 [1972]), and second, whether the statute provides the State with clear standards for enforcement, or whether it provides police, judges and juries with too much discretion. (Grayned, supra.) In order to successfully challenge the sufficiency of a statute, the movant must overcome the strong presumption that legislative enactments are valid, and meet the heavy burden of showing that the statute is unconstitutional as applied or in all its applications. (People v Stuart, supra; Brady v State of New York, 80 NY2d 596 [1992].) *879 Defendant argues that the statute is unconstitutionally vague under both prongs of the test, and that the statute is invalid both on its face and as applied. The People counter that the statute clearly defines the prohibited conduct, and affords police officers with very little discretion of enforcement.
A. Administrative Code § 10-118 Provides Adequate Notice of the Prohibited Conduct
Defendant asserts that the statute does not provide fair notice to an individual wishing to transport building materials that were not unlawfully removed from a building. He cites the examples of an individual who innocently finds construction materials and takes them home; of the homeowner who wishes to take piping from her home into the street, without being aware that she has to write herself an authorization; and of the sculptor who finds inspiration in discarded scrap metal. (Defendant’s aff at 17.)
Defendant’s reading of the statute is at odds with both the statute’s plain wording and the legislative intention behind it. The statute, and the committee notes cited by the defendant, evince an intention to deter the removal of property from construction sites. The Legislature effected this intention by requiring those who transport building materials to present proof of authorization from the owner or manager of the construction site. (Administrative Code § 10-118.) Because the aim of the statute is to prevent vandalism and the unauthorized transport of used building materials, it makes no exception for abandoned building materials.[3] (See discussion supra.) Defendant was not arrested for vandalism, but for allegedly carrying building materials without a permit. This conduct falls squarely within the wording of the statute. (See People v Stuart, supra.)
Defendant’s other hypothetical scenarios are irrelevant here. Defendant has not asserted that he is an artist or the owner of the pipes. Even counsel’s assertions that defendant did not remove the pipes himself constitute uncorroborated hearsay. Where a defendant fails to show that a statute is vague as applied to him, a court need not consider whether the statute is *880 facially vague in all its applications. (People v Nelson, 69 NY2d 302 [1987] [defendants lacked standing on constitutional vagueness issue because any element of vagueness in the statute had no effect on defendants]; Young v American Mini Theatres, Inc., 427 US 50, 58-59 [1976] [defendant cannot request the Court to consider whether a statute may be constitutionally vague as applied to hypothetical situations].)
B. The Statute Does Not Provide Law Enforcement Officials with Too Much Discretion for Enforcement
Defendant’s final argument, pursuant to Chicago v Morales (527 US 41 [1999]), that the statute gives impermissible discretion to police officers, also relies on his unconventional reading of the statute. The statute proscribes the transportation of used building materials without authorization. Where an individual cannot produce a bill of sale or proper papers for the building materials being transported, a police officer has probable cause to arrest that person under Administrative Code § 10-118.
The statute is vastly different from that invalidated in Morales (supra), which allowed a police officer to arrest any individual the officer on duty reasonably believed to be a gang member. Unlike in that case, the offense here hinges on an objective fact, to wit: whether or not the carrier of building materials was in possession of proof of authorization, not on the officer’s subjective belief as to the defendant’s membership in an organization. We decline to find that the statute confers excessive discretion. (People v Bright, 71 NY2d 376 [1988].) Defendant has therefore failed to meet his burden to show that the statute is constitutionally voidable for vagueness. (Lane v Johnson, 283 NY 244 [1940] [a statute will not be held void for vagueness where it is capable of reasonable construction].)
Conclusion
For the foregoing reasons, defendant’s motion to dismiss the complaint for facial insufficiency pursuant to CPL 170.30 (1) (a), 170.35 (1) (a), (b), 100.15 and 100.40 is denied; defendant’s motion alleging that Administrative Code § 10-118 is unconstitutional is denied.

. Defendant cites the Proceedings of the Council of the City of New York (vol 1 [Jan.-June 1976]), stating that the statute was intended to “be a deterrent . . . [to] thievery, vandalism, and rampant destruction of property.”

. Rotunda and Nowak argue that:
“the Supreme Court, in the irrebuttable presumption cases, confused due process and equal protection analysis. Irrebuttable presumption analysis allowed the Court to overturn legislative decisions without having to justify the use of judicial power as would an open use of substantive due process or equal protection analysis. The use of irrebuttable presumption language was a conceptually confused, if not dishonest, method of justifying independent judicial review of legislative classifications.” (Catlin v Sobol, 93 F3d at 1118, quoting 2 Ronald D. Rotunda and John E. Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.6 [1992].)

. While the City Council hearings establish that the primary purpose of the statute was to deter theft and vandalism from construction sites, the Council might well have also recognized the danger of injury to those who enter construction sites; the inability of members of the general public to accurately ascertain whether a site and building materials therein were in fact abandoned, or work had merely ceased for the day; and the likelihood that unlicensed, unauthorized or even abandoned construction materials might well have been removed from a building at some prior time.