■ NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, v TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, et al., Appellants. [866 NYS2d 684]—

In an action, inter alia, to enjoin the prospective violation of Civil Service Law article 14 (the Taylor Law), the defendants appeal from an order of the Supreme Court, Kings County, (Balter, J.), dated November 7, 2007, which denied their motion to reinstate their right to deduct union dues from the paychecks of their members employed by the plaintiffs and required them to submit, with any future application to reinstate that right, affidavits from the President and each individual member of the

Executive Board of Local 100 of Transport Workers Union of America, AFL-CIO, comporting with the requirements of Civil Service Law § 207 (3) (b).

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof requiring the appellants to submit, with any future application to reinstate their right to deduct union dues from the paychecks of their members employed by the plaintiffs, affidavits from the President and each individual member of the Executive Board of Local 100 of Transport Workers Union of America, AFL-CIO, comporting with the requirements of Civil Service Law § 207 (3) (b), and substituting therefor a provision requiring that, with any future application to reinstate its right to deduct union dues from the paychecks of its members employed by the plaintiffs, the Union submit a duly-authorized affirmation stating unequivocally that the Union does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist, or participate in such a strike, and that the Union has no intention, now or in the future, of conducting, assisting, participating, or imposing an obligation to conduct, assist, or participate in any such strike, or threatening to do so, against the plaintiffs or any governmental employer; as so modified, the order is affirmed, with costs to the respondents.

Civil Service Law article 14, known as the Taylor Law, prohibits public employees and public employee organizations from engaging in, or causing, instigating, encouraging, or condoning, a strike (see Civil Service Law § 210 [1]). Where this prohibition is violated, the Public Employment Relations Board or the Supreme Court may order the forfeiture of the organization's right, pursuant to Civil Service Law § 208 (1) (b), to have union dues automatically deducted from the paychecks of its members (see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, 37 AD3d 679 [2007]; Civil Service Law § 210 [3] [f]). In fixing the duration of such a forfeiture, all relevant circumstances are to be considered, including but not limited to "the extent of any wilful defiance of [the Taylor law], the impact of the strike on the public health, safety, and welfare of the community and . . . the financial resources of the employee organization" (Civil Service Law § 210 [3] [f]).

In 2005 the appellant Local 100 of the Transport Workers Union of America, AFL-CIO (hereinafter the Union), conducted a strike against the plaintiffs in violation of the Taylor Law. As a result, in an order and judgment (one paper) dated May 12, 2006, the Supreme Court, Kings County, suspended, for an in-

definite period, the Union's right to collect, by means of automatic deductions from paychecks, the dues of those of its members employed by the plaintiffs. The order further provided that, at any time after September 1, 2007, the Union could apply for reinstatement of the right to deduct upon a showing of good faith compliance with the mandates of the Taylor Law, and submission of an affirmation, as required by Civil Service Law § 207 (3) and § 210 (3) (g), that it does not assert the right to strike against any government.

On October 3, 2007 the Union moved for reinstatement of the right to deduct union dues. In support of its application, the Union submitted the affidavit of its president Roger Toussaint, who asserted, inter alia, that, "the Union fully recognizes whether there is a right to strike is a matter determined by law. The law is clear. The Taylor Law bars strikes against [the plaintiffs] and other governmental employers. The Union does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike."

The plaintiffs and the City of New York, appearing as an amicus curiae, opposed the motion, and the Supreme Court denied it. Further, the Supreme Court, sua sponte, included in its order a provision that, as part of any subsequent application for reinstatement of the right to deduct, the Union must submit affidavits from the president and each individual member of the Executive Board of the Union stating unequivocally that the Union lacks the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike. We modify.

The Supreme Court properly denied the Union's motion. Considering the extent of the Union's willful defiance of the Taylor Law in conducting the 2005 strike, as well as the strike's impact on the community and the Union's history of destructive, patently illegal strikes, the court was justified in requiring more than an affidavit by the Union's president stating only, in effect, that the Union did not assert the right to violate the law.

However, the Supreme Court improvidently exercised its discretion in requiring that each member of the Union's Executive Board submit an affidavit containing the same statement that the Union does not assert the right to violate the Taylor Law. Instead, reinstating the automatic deduction should depend, not only on the Union's full compliance with the May 12, 2006 order and judgment, but also on its willingness to state that it has no intention of engaging or supporting illegal strikes now or in the future. Thus, we substitute a provision in the or-

der requiring that, as part of any future application for reinstatement of automatic dues deductions, the Union submit a duly-authorized affirmation stating unequivocally that the Union does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist, or participate in such a strike, and that the Union has no intention, now or in the future, of conducting, assisting, participating, or imposing an obligation to conduct, assist, or participate in any such strike, or threatening to do so, against the plaintiffs or any governmental employer.

The Union's remaining contention is without merit (*see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 535 [1992]). Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur. [*See* 17 Misc 3d 1131(A), 2007 NY Slip Op 52228(U).]