OPINION OF THE COURT
Michael C. Lynch, J.
Plaintiff, Mental Hygiene Legal Service (MHLS), commenced this action with the filing of a summons and complaint on December 14, 2010, seeking both declaratory and injunctive *258 relief concerning defendant’s asserted noncompliance with the notice provisions of Mental Hygiene Law § 10.05 (b). By notice of motion filed January 26, 2011, returnable February 23, 2011, defendant has moved to dismiss the complaint. Plaintiff has opposed the application. Oral argument was held on February 24, 2011.
To begin, there are a few procedural irregularities to address with respect to the motion. First, defendant failed to attach a copy of the summons and complaint to its application. The pleadings were, however, provided to the court at oral argument. Secondly, defendant’s time to answer the complaint was extended by agreement to January 23, 2011. The subject motion to dismiss was not served and filed until January 26, 2011. While plaintiff maintains the motion should be denied as untimely, the discrepancy is minimal and the court has determined to address the motion on the merits.
Article 10 of the Mental Hygiene Law defines the civil commitment process for convicted sex offenders. The defendant, New York State Department of Correctional Services, is an agency with jurisdiction in this process (Mental Hygiene Law § 10.03 [a]). The first procedural step is set forth in Mental Hygiene Law § 10.05 (b) which provides as follows:
“(b) When it appears to an agency with jurisdiction, other than the division of parole, that a person who may be a detained sex offender is nearing an anticipated release, the agency shall give notice of that fact to the attorney general and to the commissioner of mental health. When the division of parole is the agency with jurisdiction, it may give such notice. The agency with jurisdiction shall seek to give such notice at least one hundred twenty days prior to the person’s anticipated release, but failure to give notice within such time period shall not affect the validity of such notice or any subsequent action, including the filing of a sex offender civil management petition.” (Emphasis added.)
Once notice of the anticipated release date is issued, the Office of Mental Health (OMH), through a case review team, is required to issue written notice to the Attorney General within 45 days where the party is found to be a sex offender requiring civil management (Mental Hygiene Law § 10.05 [g]). Upon such a determination, the Attorney General may file a sex offender civil management petition, and “shall seek to file the petition within thirty days.” (Mental Hygiene Law § 10.06 [a].) Literal *259 compliance would result in a petition being filed 45 days in advance of the inmate’s anticipated release date. The filing prompts the appointment of plaintiff as counsel, where the inmate is financially unable to retain counsel, and a probable cause hearing must be held within 30 days (Mental Hygiene Law § 10.06 [c], [g]). This timeline allows for the probable cause hearing to be held in advance of the anticipated release date.
Here, plaintiff seeks a declaration that defendant has failed to comply with the statutory 120-day notice requirement, and an injunction compelling compliance. Accepting the allegations of the complaint as true and according plaintiff the benefit of every favorable inference as is required on a motion to dismiss the complaint (see Mandarin Trading, Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]), the complaint outlines a history of late notice. In the 49 test cases cited, defendant issued the 10.05 (b) notice on a median basis, 57 days in advance of the anticipated release date, and petitions were filed only six days before the anticipated release date (see complaint UK 46, 49). Correspondingly, plaintiff has been appointed as counsel only days in advance of the anticipated release date. The problem asserted is that the inmate is deprived of adequate time to prepare with counsel for the probable cause hearing, resulting in a delay in the hearing and an extension of confinement beyond the inmate’s release date. Stated otherwise, the inmate is confronted with choosing to go forward, unprepared, with the probable cause hearing; or requesting an extension in order to prepare for the hearing. Pending a probable cause hearing, but after the scheduled release date, an inmate remains incarcerated (Mental Hygiene Law § 10.06 [k]). Upon a probable cause finding, the party is held in an OMH treatment facility pending resolution of the civil confinement petition (id.).
Defendant has moved to dismiss the complaint, contending (1) plaintiff lacks standing, (2) the complaint fails to state a cause of action because the statutory notice is directory only; and (3) there is no due process violation because the inmates are still able to obtain a probable cause hearing within 72 hours after the anticipated release date where the court stays the release upon the filing of a petition (Mental Hygiene Law § 10.06 [h]).
The court finds that plaintiff has organizational standing to commence this action. As noted above, the court is directed to appoint MHLS as counsel where the inmate is financially unable to retain counsel (Mental Hygiene Law § 10.06 [c]). The *260 notice issue outlined above impacts not only the inmate, but plaintiffs representation of that inmate. Indeed, as pointed out in plaintiffs submissions, the Attorney General has effectively recognized plaintiffs standing to raise article 10 issues in other litigation.
With respect to defendant’s remaining arguments, the “shall seek to” language of Mental Hygiene Law § 10.05 (b) underscored above evidences that the notice requirements are directory, not mandatory, and plaintiff concedes as much in its brief (see plaintiffs mem of law at 5). Generally, relief may be granted where an agency fails to comply with directory procedural provisions only where noncompliance has caused substantial prejudice (Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 535-536 [1992]). Of import here is the additional qualifying language of Mental Hygiene Law § 10.05 (b) that untimely notice shall not affect the validity of “such notice or any subsequent action, including the filing of a sex offender civil management petition.” Similar qualifying language applies to the 45-day notice provided by OMH (Mental Hygiene Law § 10.05 [g]) and the Attorney General’s compliance with the 30-day time frame for filing a petition (Mental Hygiene Law § 10.06 [a]). Article 10, by its terms, sets forth a procedural time line for the filing of a civil confinement petition, but expressly excuses noncompliance at each stage of that process.
In this statutory context, the court finds even accepting the allegations of the complaint as true that plaintiff has not established substantial prejudice flowing from defendant’s failure to comply with the 120-day notice requirement imposed under Mental Hygiene Law § 10.05 (b). Under the dictates of Mental Hygiene Law § 10.06 (h), the inmate confronted with a petition filed only six days before the anticipated release date is entitled to a due process hearing within 72 hours of that release date, unless the inmate requests an extension or the Attorney General has shown good cause why the hearing could not be commenced. The court recognizes that this sequence can result in the continued incarceration of an inmate beyond the anticipated release date, thereby implicating that inmate’s liberty interest. This holds true whether the inmate requests an extension or not. A determination of what process is constitutionally due where an individual’s liberty interest is compromised involves a “weighing of three factors: the private interest affected; the risk of erroneous deprivation through the proce *261 dures used and the probable value of other procedural safeguards; and the government’s interest” (Matter of K.L., 1 NY3d 362, 373 [2004], citing Mathews v Eldridge, 424 US 319, 335 [1976]). Each individual inmate affected here is classified as a “[d]etained sex offender” (Mental Hygiene Law § 10.03 [g]). Each case review team must include at least two members who are professionals in the field of mental health or the field of mental retardation and developmental disabilities, as appropriate, experienced in the treatment and assessment of sex offenders (Mental Hygiene Law § 10.05 [a]). In context, the risk of an erroneous deprivation pending a probable cause hearing is minimal. The very premise for article 10 is “[t]hat recidivistic sex offenders pose a danger to society that should be addressed through comprehensive programs of treatment and management” (Mental Hygiene Law § 10.01 [a]). On balance, the inmate’s significant liberty and other constitutional interests implicated here are outweighed by the other Mathews factors. While defendant should make every reasonable effort to timely comply with the structural time lines of article 10 and improve on its performance to date, the failure to do so here does not give rise to a cognizable claim.
Accordingly, defendant’s motion to dismiss the complaint is granted, without costs.